\*\*Original filed 3/23/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO K. BENNETT, | ) | No. C 06-3107 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL; DENYING MOTIONS FOR SUMMONS; DENYING MOTIONS TO ATTACH EVIDENCE WITHOUT PREJUDICE; DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER  ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) | |
| JEANNE WOODFORD, et al., | ) | |
| Defendants. | ) | (Docket Nos. 2, 10, 11, 13, 14, 15, 16, 18, 24, 30, 32, 35, 36, 37, 39) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") employees and the Director of the California Department of Corrections and Rehabilitation. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff has filed motions for appointment of counsel, motions to issue summons and motion for an order of service, motions

1    to attach evidence, and motions for a temporary restraining order.  The Court will DENY

2    Plaintiff's motions for appointment of counsel (docket nos. 2, 13, 18, 24, 39) without prejudice.

3    The Court will DENY Plaintiff's motions to issue summons and for order of service (docket nos.

4    10, 11, 14, 15, 16), motions to attach exhibits and legal mail (docket nos. 30, 32, 35) and motions

5    for a temporary restraining order (docket nos. 36, 37) without prejudice.  The Court will

6    DISMISS the complaint with leave to amend.  Plaintiff may include any supporting

7    documentation and exhibits with his amended complaint.

**BACKGROUND**

9        Plaintiff alleges that on September 19, 2005,  he received a letter from his attorney,

10   stamped "legal mail" on the outside of the envelope, which was opened outside of his presence.

11   Plaintiff names the following Defendants: Director of the Department of Corrections and

12   Rehabilitation Jeanne Woodford, PBSP Warden Kirkland, PBSP Captain Patten, and PBSP mail

13   room staff.  Plaintiff requests injunctive relief that the PBSP Defendants be fired and monetary

14   damages for his pain and suffering.

**DISCUSSION**

16   **A.**      **The Merits**

17        1.      <u>Standard of Review</u>

18        Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

20   1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

21   that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief. <u>Id.</u> at 1915A(b)(1),(2).  <u>Pro

23   se</u> pleadings must be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

24   (9th Cir. 1990).

25        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

26   the color of state law committed a violation of a right secured by the Constitution or laws of the

27   United States.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

    2.    Plaintiff's Claim

Plaintiff alleges that Defendants opened his legal mail outside of his presence. Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).[1] But the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)); but cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not

---

[1] Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). With minute exceptions correspondence from a court to a litigant is a public document. See Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).

"legal mail").[2] If so, prison officials must establish that legitimate penological interests justify the policy or practice. See O'Keefe, 82 F.3d at 327 (mail policy that allows prison mailroom employees to open and read grievances sent by prisoners to state agencies outside prisoners' presence reasonable means to further legitimate penological interests).

"Legal mail" may not be read or copied without the prisoner's permission. See Casey v. Lewis, 43 F.3d 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343 (1996). But again, prison officials may establish that legitimate penological interests justify the policy or practice. See O'Keefe, 82 F.3d at 327.

Plaintiff claim fails at the outset because he fails to set forth specific facts showing how each Defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights." Leer, 844 F.2d at 634. But here, Plaintiff alleges facts without explaining the actions of each Defendant involved. As such, Plaintiff fails to link Defendants to his claim. Accordingly, the complaint does not state a cognizable claim against any of the named Defendants.

Plaintiff must allege facts supporting each claim against each individual Defendant separately in his amended complaint showing his entitlement to relief from each Defendant. Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to do, and describe how each Defendant's acts or omissions caused him injury. He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.

As to Plaintiff's claim against the Director of the Department of Corrections and Rehabilitation Jeanne Woodford and PBSP Warden Kirkland, Plaintiff is cautioned that there is

---

[2]The Wolff Court declined to decide the constitutional provision under which a prisoner's right to legal correspondence free from government inspection may arise, see Wolff, 418 U.S. at 575-76, but recent Ninth Circuit opinions have focused on a prisoner's First Amendment right to petition the government for redress of grievances, which includes a reasonable right of access to the courts, see O'Keefe v. Van Boening, 82 F.3d 322, 324-326 (9th Cir. 1996).

1  no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is
2  responsible for the actions or omissions of an employee.  Liability under Section 1983 arises
3  only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040,
4  1045 (9th Cir. 1989).  A supervisor may be liable under section 1983 upon a showing of (1)
5  personal involvement in the constitutional deprivation or (2) a sufficient causal connection
6  between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County
7  of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

8       Plaintiff has named the PBSP mail room staff as a Defendant, without identifying any
9  individual names of the mail room staff.  The use of "Doe" to identify a defendant is not favored
10 in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Accordingly,
11 the PBSP mail room staff are DISMISSED without prejudice.  Should Plaintiff learn the
12 identities through the use of discovery and be able to allege facts which directly link them to his
13 claims he may include each Defendants individual name in his amended complaint and/or seek
14 leave to amend his complaint to add them as named Defendants.  See Gillespie v. Civiletti, 629
15 F.2d 637, 642 (9th Cir. 1980).

16      Plaintiff will be given leave to amend the complaint to cure these deficiencies.
17 Accordingly, the Court grants Plaintiff leave to file an amended complaint within **thirty days** of
18 the date this order is filed to include sufficient facts to support his claim against each Defendant
19 and the alleged constitutional violation he suffered.  Based upon the Court's dismissal with leave
20 to amend, Plaintiff's motion to issue summons and motion for order of service of the original
21 complaint (docket nos. 10, 11, 14, 15, 16) are DENIED.

22 **B.  Motions for Appointment of Counsel**

23      Plaintiff has filed five motions for appointment of counsel.  However, there is no
24 constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18,
25 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel
26 represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not
27 give the courts the power to make "coercive appointments of counsel."  Mallard v. United States
28

Order Denying Motions for Appointment of Counsel; Denying Motions for Summons; Denying Motions to Attach Evidence
Without Prejudice; Denying Motions for Temporary Restraining Order  Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett107dwltamisc      5

1  Dist. Court, 490 U.S. 296, 310 (1989).

2      The court may ask counsel to represent an indigent litigant under § 1915 only in
3  "exceptional circumstances," the determination of which requires an evaluation of both (1) the
4  likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro
5  se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520,
6  1525 (9th Cir. 1997);  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v.
7  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together
8  before reaching a decision on a request for counsel under § 1915.  See id.  Neither the need for
9  discovery, nor the fact that the pro se litigant would be better served with the assistance of
10 counsel, necessarily qualify the issues involved as complex.  See Rand, 113 F.3d at 1525 (where
11 plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally
12 articulate and organized, district court did not abuse discretion in denying request for counsel).

13     The Court concludes that appointment of counsel is not necessary at this time.
14 The Court has dismissed Plaintiff's complaint with leave to amend and has yet to review the
15 merits of Plaintiff's claims in his amended complaint.  Accordingly, Plaintiff's motions for
16 appointment of counsel (docket nos. 2, 13, 18, 24, 39) are DENIED without prejudice.

17 **C.**     **Motions to Attach Exhibits and Legal Mail**

18     Plaintiff has filed two motions to attach exhibits, a motion to attach legal mail and also
19 filed several exhibits in this action.  The Court notes that Plaintiff must include all of his exhibits
20 and attachments with his amended complaint.  Plaintiff may not send in attachments and
21 documents separately to be included with his amended complaint.  Accordingly, Plaintiff's
22 motions (docket nos. 30, 32, 35) are DENIED without prejudice.  Plaintiff may include his
23 supporting documentation with his amended complaint as set forth below.

24 **D.**     **Motions for Temporary Restraining Order**

25     Plaintiff has filed two motions for a temporary restraining order to prohibit Defendants
26 from opening his legal mail.  Plaintiff alleges that Defendants ongoing actions have resulted in
27 harm to him and violated his constitutional rights by opening his legal mail outside of his

28

Order Denying Motions for Appointment of Counsel; Denying Motions for Summons; Denying Motions to  Attach Evidence
Without Prejudice; Denying Motions for Temporary Restraining Order  Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett107dwltamisc         6

presence.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants;[3] and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Diamontiney, 918 F.2d at 795. At the very least, however, the moving party must show a fair chance of success on the merits. Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

The Court notes that a temporary restraining order cannot be granted at this stage because the Defendants have not been served and are not on notice. Furthermore, the Court concludes that Plaintiff has not shown sufficient facts to establish that he actually faces irreparable harm based on his complaint concerning his legal mail. Nor has plaintiff shown his probable success

---

[3] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants. Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

1  on the merits. Accordingly, plaintiff's motions for a temporary restraining order (docket nos. 36, 37) are DENIED without prejudice.

## CONCLUSION

1. Plaintiff's motions for appointment of counsel (docket nos. 2, 13, 18, 24, 39) are DENIED without prejudice.

2. Plaintiff's motions to attach evidence and legal mail (docket nos. 30, 32, 35) are DENIED without prejudice.

3. Plaintiff's motion to issue summons and order of service of the original complaint (docket nos. 10, 11, 14, 15, 16) are DENIED.

4. Plaintiff's motions for a temporary restraining order (docket nos. 36, 37) are DENIED without prejudice.

5. Plaintiff's complaint is DISMISSED with leave to amend, as indicated above, within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (06-3107 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims and name all Defendants in the amended complaint. **Failure to file an amended complaint within the designated time will result in the Court dismissing the complaint without prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983.**

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."

\\\

\\\

1 He must comply with the Court's orders in a timely fashion or ask for an extension of time to do
2 so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil
3 Procedure 41(b).
4     IT IS SO ORDERED.
5 DATED: __3/23/07__

                    JEREMY FOGEL
6                     United States District Judge

1 | A copy of this ruling was mailed to the following:

2

3 | Mario K. Bennett
V-23447
Pelican Bay State Prison
4 | P.O. Box 7500
Crescent City, CA  95531-7500

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Motions for Appointment of Counsel; Denying Motions for Summons; Denying Motions to  Attach Evidence
Without Prejudice; Denying Motions for Temporary Restraining Order  Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett107dwltamisc         10